UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOE VLASTELICA,                              CASE NO.: 24-CV-924

    Plaintiff,

vs.

NEWREZ, LLC D/B/A
SPECIALIZED LOAN SERVICING, LLC

    Defendant.                                              **JURY TRIAL DEMANDED**
_____/

**AMENDED COMPLAINT[1]**

Plaintiff, Joe Vlastelica (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendant, NewRez, LLC f/k/a Specialized Loan Servicing, LLC ("Defendant" or "SLS") in support thereof, respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") and Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2601 *et. seq.*, to recover actual, statutory, and punitive damages, court costs, and attorney's fees by reason of SLS's violations of 12 U.S.C. §2605 and Regulation X, 24 C.F.R. §3500.1 *et. seq.*

**PRELIMINARY STATEMENT**

---

[1] Amended solely to correct the spelling of Plaintiff's name from Vastelica to Vlastelica.

Page **1** of **12**

1. This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2. The FCRA was enacted to promote accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies, and in doing so, promote the efficiency and public confidence in the banking system.

3. Defendant has violated the FCRA with respect to Plaintiff by failing to correct inaccuracies on his credit report.

4. Plaintiff brings claims for his actual and punitive damages against Defendants for their inaccurate reporting and for their failure to investigate Plaintiff's disputes of that inaccurate reporting.

5. This is also an action for violations the Real Estate Settlement Procedures Act, 12 United States Code, Section 2601 *et seq.* (hereinafter, "RESPA")for failure to properly respond to Plaintiff's notice of error and failure to take corrective action within the time required by federal law with respect to the servicing of Plaintiff's mortgage loan in violation of 12 U.S.C. § 2605 and 12 C.F.R. § 1024.35.

**JURISDICTION AND VENUE**

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p, RESPA under 12 United States Code, Section 2614, and 28 U.S.C. § 1331.

7. Defendant is subject to the jurisdiction of this Court as Defendant regularly transacts business in this District and the events described herein occurred in this District.

8. Venue is proper in this District as Plaintiff resides in this District, the violations described in this Complaint occurred in this District, and the Defendants transact business within this district. 28 U.S.C. § 1391(b)(2).

## PARTIES

9. Plaintiff is a natural person and resident of the State of Florida, residing in Fort Myers, Florida.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

11. Defendant is a business entity and furnisher of credit information doing business in the Middle District of Florida.

12. At all material times herein, is a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

13. Defendant Equifax is a "consumer reporting agency" as defined in 15 USC § 1681a(f).

14. Defendant Experian is a "consumer reporting agency" as defined in 15 USC § 1681a(f).

15. Defendant TransUnion is a "consumer reporting agency" as defined in 15 USC § 1681a(f).

16. The "Account" references Loan No. -4627 with SLS.

17. At all material times herein, SLS makes and services numerous loans which are "federally related mortgage loans" as defined in 12 U.S.C. § 2602, in that they are secured by a lien on residential real property designed principally for the occupancy of one to four families, and in that thy are made by "creditors" which make or invest in residential real estate loans aggregating more than $1,000,000.00 per year, including Plaintiff's loan.

18. Defendant is a servicer of Plaintiff's federally related mortgage loan as those terms are defined by RESPA, 12 U.S.C. § 2602(1) and 12 U.S.C. § 2605(1)(2).

19. All necessary conditions precedent to the filing of this action occurred, or Defendant has waived the same.

## FACTUAL ALLEGATIONS

20. Plaintiff was married to Ms. Adrianne Vlastelica, but was officially divorced on November 29, 2011.

21. The divorce was recorded in the official records on November 30, 2011. Thereafter, Ms. Vlastelica changed her name to Adrianne Pacione.

22. Ms. Pacione entered into a Loan Modification effective as of September 1, 2017. Mr. Vlastelica did not sign the Loan Modification as he was no longer married to Ms. Pacione and was not required to by law.

23. On or about August 7, 2023, Plaintiff requested credit reports from all three major credit reporting agencies (Transunion, Equifax, and Experian). Each credit reporting agency individually showed the Account as thirty (30) days past due commencing October 2017 and up to 150 days past due through June 2023.

24. The Account continues to report as derogatory and past due on Plaintiff's credit reports.

25. On or about August 14, 2023, Plaintiff sent dispute letters to each of the three credit reporting agencies, Equifax, Experian, and Trans Union (the "First Dispute Letter") via certified mail disputing the erroneous reporting by SLS. Plaintiff specifically requested the CRAs remove all derogatory information and the entire tradeline from his credit reports for the Account. True and correct copies of the letters are attached hereto as Composite Exhibit A.

26. Experian received the First Dispute Letter on August 21, 2023.

27. Equifax received the First Dispute Letter on August 24, 2023.

28. Equifax, Experian, and Trans Union communicated Plaintiff's dispute to SLS.

29. On August 29, 2023, Experian responded with its investigation results for the Account (Report No. 0186-5708-65) (hereinafter "Experian's First Response") but failed to acknowledge or correct the inaccurate reporting of the Account.

30. On August 29, 2023, Equifax responded to Plaintiff's First Dispute Letter, with its investigation results for the Account (Report No. 3238561374)(hereinafter "Equifax's First Response"), asserting that the Account may be reported for 7 years; was verified and reporting correctly; and that certain information such as balance, past due, date of law payment and terms of duration were updated.

31. On September 26, 2023, Plaintiff sent a second round of disputes to each of the three credit reporting agencies, Equifax, Experian, and Trans Union (the "Second Dispute Letter"). True and correct copies of the letters are attached hereto as Composite Exhibit B.

32. Equifax, Experian and Trans Union received the Second Dispute Letter and communicated Plaintiff's dispute to SLS.

33. On October 19, 2023, Equifax responded with its investigation results (Report No. 3287534823) (hereinafter "Equifax's Second Response") indicating that the Account was verified and information on the Account was updated.

34. On October 19, 2023, Experian responded with its investigation results (Report No. 1817-4230-99) (hereinafter "Experian's Second Response") with reinvestigation information that still reported the Account inaccurately.

35. On October 20, 2023, Trans Union responded with its investigation results (Report No. 390287668) (hereinafter "Trans Union's Response"), indicating that the "disputed items were verified as accurate, however, other information has also changed."

36. On June 27, 2024, legal counsel for Plaintiff sent a notice of error to SLS indicating that he never signed the Modification and was divorced from Ms. Pacione before the Modification (the "First QWR"). A true and correct copy of the First QWR is attached hereto as Exhibit C.

37. Plaintiff did not receive a response from SLS to the First QWR.

38. On August 26, 2024, legal counsel for Plaintiff sent a second notice of error to SLS indicating that he never signed the Modification and was divorced from Ms. Pacione before the Modification (the "Second QWR") and that SLS failed to respond to the First QWR. A true and correct copy of the Second QWR is attached hereto as Exhibit D.

39. At some point between May 2024 and August 2024 SLS became a part of NewRez, LLC.

40. Plaintiff was denied the ability to include his income for a residential loan because the errors are destroying his ability to get credit.

41. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

 a. Monies lost by attempting to fix his credit;

 b. Loss of time attempting to cure the errors;

 c. Mental anguish, stress, aggravation, embarrassment, and the other related impairments to the enjoyment of life;

 d. Inability to apply for any credit;

 e. Denials of credit accounts; and

 f. Reduction in credit score.

41. SLS acted willfully, with reckless disregard for Lovern's rights and interests, and/or with gross negligence, such as to warrant an award of punitive damages.

42. At all material times herein, it would have been possible for Defendant to avoid violating the terms of the FCRA and RESPA.

## COUNT I
## VIOLATION OF FCRA 1681S-2(B)(1)(A) AND (B)

Plaintiff re-alleges and reincorporates paragraphs 1 through 42, as if fully set forth herein

43. On at least one occasion within the past year, by example only and without limitation, violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes. As a result of this conduct, action, and inaction of Defendant, Plaintiff suffered damage by loss of credit and the loss of the ability to purchase and benefit from credit.

44. On one or more occasions within the past year, by example only and without limitation, violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

45. As a result of 's violations of 15 U.S.C. § 1681s-2(b)(1)(A) and (B), the Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, other mental and emotional distress and loss of ability to obtain credit.

46. SLS's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

47. Plaintiff is entitled to recover attorney's fees and costs from in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, SLS, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
## REAL ESTATE SETTLEMENT PROCEDURES ACT –
## VIOLATION OF 12 UNITED STATES CODE, SECTION 2601 *ET SEQ.*

Plaintiff re-alleges and reincorporates paragraphs 1 through 42, as if fully set forth herein

48. At all times relevant to this action defendant is subject to and must abide by the real estate settlement procedures act, 12 U.S.C. § 2061, *et seq.,* (hereinafter "RESPA") and the regulations applicable thereto, as set forth in 24 C.F.R. § 3500.1, *et seq.,* and 12 C.F.R. § 1024.30, *et seq.* (hereinafter "Regulation X").

49. On June 27, 2024, Plaintiff sent SLS two "qualified written requests" (the "First QWR" and "Second QWR") as that term is defined under RESPA, 12 U.S.C. § 2605(e)(1)(b).

50. SLS did not respond to the First QWR or the issues set forth by Plaintiff. To date, SLS has not responded to the Second QWR.

51. SLS failed to correct the account in violation of 12 U.S.C. §2605(e)(2) and 24 C.F.R. §3500.21(e)(3).

52. SLS failed to conduct an appropriate investigation after receiving the First QWR and Second QWR from or on behalf of Plaintiff, in violation of 12 U.S.C. §2605(e)(2).

53. As a direct result of SLS's conduct, Plaintiff has been damaged through demands of amounts that were not owed by Plaintiff under the ineffective Modification.

54. Plaintiff has been further damaged through SLS's conduct in the form of emotional distress as SLS has failed to respond to the QWRs and continues to report inaccurate information on his credit reports.

55. SLS has engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. § 2605.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—Electronically Stored Information, paper, electronic documents, or data—pertaining to this litigation.

REBBECCA GOODALL LAW, PA

/s/ Rebbecca A. Goodall
Rebbecca A. Goodall, Esq.

Florida Bar No.: 0115344
rgoodall.law@gmail.com
P.O. Box 1304
Elfers, FL 34680
(813) 438-3695
Attorney for Plaintiff